**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KAREEM ABDUL BLOCKER,

                Plaintiff,

          v.

WARDEN KELLY, et al.,

                Defendants.

Civil Action No. 23-21391 (KMW) (EAP)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

## I.      BACKGROUND

Plaintiff is a state pretrial detainee currently detained in the Atlantic County jail. (ECF No. 1 at 2-3.) In his complaint, Plaintiff asserts that while he believes New Jersey's bail reform guidelines suggest that pre-trial detention is only warranted for violent offenders, he has been held in detention despite his charges being nonviolent in nature. (*Id.* at 3-4.) Plaintiff does not specify

whether he was denied bail or had an excessive bail amount imposed. (*Id.*) Plaintiff does specify that he is seeking an outright release from jail as well as monetary damages. (*Id.*) Finally, Plaintiff asserts that the jail has proven dangerous for him as inmates have been fighting each other and "the warden and also deputy warden . . . know[.]" (*Id.* at 3.) Plaintiff does not clearly state whether he has been in any fights, what exactly he believes the warden knew, when they knew it, or how their knowledge of any fighting actually deprived him of his rights. (*Id.*)

## II.   **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.   **DISCUSSION**

In this matter, Plaintiff first seeks to bring a claim either asserting an improper denial of bail or the imposition of excessive bail in violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff appears to name as Defendants for this claim two judges and the New Jersey Superior Court itself. (ECF No. 1 at 1.) In order to state a claim for excessive bail, a Plaintiff must ordinarily plead facts showing that his bail was excessive, and that the named defendant caused the plaintiff to be subjected to the allegedly excessive bail. *See, e.g., McKnight v. Taylor*, No. 12-1684, 2012 WL 5880331, at *7 (D.N.J. Nov. 20, 2012). Because the authority to set bail rests in the hands of the judge who oversees a criminal defendant's initial appearance under New Jersey law, it is generally the judge who imposes or denies bail who "causes" a prisoner to be subject to bail, making the imposing judge the proper defendant for such a claim. *McKnight*, 2012 WL 5880331 at *7 n. 3. State court judges, however, "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been

3

done maliciously or corruptly." *Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). A state judge imposing or denying bail is thus absolutely immune from suit for those judicial actions. *Id.* at 441-43. The Superior Court itself is also immune from suit. *See, e.g., Villareal v. New Jersey*, 803 F. App'x 583, 387 (3d Cir. 2020). Because all of the appropriate Defendants for Plaintiff's bail claims are clearly immune from suit, Plaintiff's bail claim is dismissed with prejudice.[1]

In his final claim, Plaintiff appears to be asserting a claim that the warden, deputy warden, and captain of the jail in which he is detained failed to protect him from inmate fighting during his incarceration. In order to plead a plausible claim for failure to protect, a plaintiff must plead facts indicating that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the officer was "deliberately indifferent" to that risk, resulting in harm to the Plaintiff. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). An officer will only be deliberately indifferent where he knew of and disregarded a known risk of serious harm. *Belt*, 336 F.3d at 438. Here, although Plaintiff alleges that there has been fighting, he does not clearly allege that *he* was involved in any of the fighting, what led to any such fighting, what the Defendants specifically knew, when they learned any information they did possess, nor what they did or failed to do to protect him. Plaintiff has not pled facts indicating that he informed prison staff he had been threatened, or even information showing that any inmate who may have

---

[1] Although the Court need not reach the issue at this time, a civil rights suit is not a proper mechanism for seeking release from confinement. *See, e.g., See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). A suit premised on a denial of rights related to confinement pursuant to legal process, such as arraignment and bail, may not proceed until the plaintiff has previously had that confinement invalidated through his criminal proceedings, an appeal, or a collateral challenge. *Id.* Thus, even were Defendants not immune, this claim would be subject to dismissal without prejudice.

fought with him presented a clear and knowable danger to him prior to any fight.  Therefore, because Plaintiff has not pled facts showing he was incarcerated in a situation imposing a substantial risk of serious harm, and has in turn failed to plead that the relevant Defendants knew of and ignored such a risk, he fails to plead a plausible claim for failure to protect.  That claim will therefore be dismissed without prejudice as to the remaining Defendants.  Therefore, Plaintiff's complaint shall be dismissed in its entirety.

## IV.   **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED,** and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED** in its entirety.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge